## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEBORAH FLEMING, GERALD FLEMING; WILSON FLEMING; ERICA FRANKLIN,** in her individual capacity and as parent of her minor child, **DA'COREY DONALD URSIN; RUTHIE MATHIS; ALVIN MEYERS; JOANNA MILLER,** in her individual capacity and as a parent of her minor children, **ALVIN MEYERS, JR.** and DAVION BOYKINS; SAMUEL MILLER; GENEVA OLINEY; JAMES OWSLEY; TROY PAYTON; SHAKEMIA RIDGLEY,** in her individual capacity, and as parent of her minor child, **DAISEEN MCGEE; SAMANTHA ROBINSON; ELIZABETH RODRIGUE; CRAIG RODRIGUE; DIANNE SCOTT; MARSHA SCOTT; TREMEYNE TURNER; VELMA WHITTINGTON;** and **SOLOMON WILLIAMS, JR.** | **CIVIL ACTION NO.: 19-cv-14512** <br><br> **SECTION:**_____ <br><br> **JUDGE:**_____ |

    **Plaintiffs**

**VERSUS**

**LOUISIANA REGIONAL LANDFILL COMPANY (LRLC), f/k/a IESI LA LANDFILL CORPORATION; WASTE CONNECTIONS BAYOU, INC., f/k/a PROGRESSIVE WASTE SOLUTIONS OF LA, INC.; WASTE CONNECTIONS US, INC; APTIM CORP; PARISH OF JEFFERSON; ABC CORP; DEF CORP; GHI CORP; JKL CORP; and MNO CORP.,**

    **Defendants.**

_**CONSOLIDATED WITH**_

**CRAIG GAMBINO, ET AL.,**

    **Plaintiffs**

**VERSUS**

**LOUISIANA REGIONAL LANDFILL
COMPANY, ET AL.,**

    **Defendants.**

***CONSOLIDATED WITH***

**EDWARD RANTZ, ET AL.,**

    **Plaintiffs**

**VERSUS**

**LOUISIANA REGIONAL LANDFILL
COMPANY, ET AL.,**

    **Defendants.**

**NOTICE OF REMOVAL
BY THE WASTE CONNECTIONS DEFENDANTS**

Defendants Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc. ("Waste Connections Defendants"), hereby remove the consolidated actions *Fleming, et al. v. Louisiana Regional Landfill Company, et al*., Docket No. 796-974; *Gambino, et al. v. Louisiana Regional Landfill Company, et al*., Docket No. 798-381; and *Rantz, et al. v. Louisiana Regional Landfill Company, et al*., Docket No. 800-653 from the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, to the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, on the basis of diversity jurisdiction under the Class Action Fairness Action of 2005 ("CAFA"), and as grounds for the cases' removal, state the following.

2

## I.      Procedural and Factual Background

1.       On July 5, 2019 twenty-five Plaintiffs filed a mass action Petition for Damages and Injunctive Relief ("Petition") in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, Division L, styled *Deborah Fleming, et al.*, *v. Louisiana Regional Landfill Company, et al.,* Case No. 796-974 ("*Fleming* action").

2.       Plaintiffs in the *Fleming* action allege that Defendants' failure to properly design, operate, and maintain the Jefferson Parish Landfill ("Landfill") has led to the emission of "harmful and toxic odors and chemicals" that have caused Plaintiffs "substantial loss of the use and enjoyment of their homes and immoveable property;" have caused physical and mental harms, such as difficulties breathing, coughing, nausea, burning eyes, ears, noses and throats, fear, anguish, discomfort and inconvenience; and have caused "diminution in the value of [Plaintiffs'] homes." Appx. B, *Fleming* Petition at 1.[1]

3.       After the *Fleming* action was filed, counsel for *Fleming* filed two nearly identical state court mass actions related to odors from the Landfill:

- *Gambino, et al. v. Louisiana Regional Landfill Company, et al*., Docket No. 798-381, Division "H" (24th JDC, Aug. 15, 2019); and
- *Rantz, et al. v. Louisiana Regional Landfill Company, et al*., Docket No. 800-653, Division "N" (24th JDC, Oct. 22, 2019).

4.       All three actions contain identical factual allegations regarding Defendants' purported failure to design, operate, and maintain the Landfill in compliance with applicable environmental laws, make the same allegations regarding odors emanating from the Landfill, and seek the same types of damages against the same Defendants.

5.       On November 12, 2019, in response to a request from counsel for Defendants, counsel for Plaintiffs consented to the consolidation of the *Rantz* and *Gambino* actions with the

---

[1] The record of the actions being removed is appended to this Notice as Appendix A.  For convenience in citation, a copy of the Petition in the *Fleming* action is separately appended as Appendix B.

*Fleming* action (together the "State Consolidated Action"). *See* Appx. C, E-mail from B. Neuman to M. Brillault (Nov. 12, 2019). This consent expresses Plaintiffs' intent to try the cases jointly. *See Addison v. Louisiana Reg'l Landfill Co.*, 398 F. Supp. 3d 4, 13 (E.D. La. 2019) (plaintiffs' consent to defendants' motion to consolidate "expressed Plaintiffs' intent to try the cases jointly" and triggered CAFA jurisdiction).

6.     On December 2, 2019, the Waste Connections Defendants, and co-defendants Jefferson Parish and Aptim Corporation, filed an unopposed motion to consolidate the *Fleming* action with the *Gambino* and *Rantz* actions pursuant to art. 1561.

7.     On December 5, 2019, the 24th Judicial District entered orders consolidating the *Gambino* and *Rantz* actions with the *Fleming* action. Appx. A, part 3 at 84.

8.     The State Consolidated Action consists of over 125 Plaintiffs, all seeking personal injury and/or property damages from the Waste Connections Defendants, Jefferson Parish, and Aptim Corporation related to the alleged emissions of odors from the Landfill.

9.     Notice of Removal is timely because fewer than 30 days (as calculated under the Federal Rules of Civil Procedure) have passed since the State Consolidated Action qualified as a "mass action" and became removable under the Class Action Fairness Act. *See* 28 U.S.C. § 1446(b); *Gibson v. Clean Harbors Envtl. Servs., Inc.*, 840 F.3d 515, 519 (8th Cir. 2016) ("In the CAFA Context, the thirty-day removal period set forth in § 1446(b)(3) does not begin to run until the defendant receives from the plaintiff an amended pleading, motion, order, or other paper from which the defendant can unambiguously ascertain that the CAFA jurisdictional requirements have been satisfied") (internal quotations omitted); *Dufrene v. Petco Animal Supplies Stores, Inc.*, 934 F. Supp. 2d 864, 866 (M.D. La. 2012) (holding removal was not untimely where plaintiffs increased amount in controversy to exceed jurisdictional threshold).

4

10.     Under 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendants are attached as Appendix A.

## II.     Removal under the Class Action Fairness Act

11.     This Court has subject matter jurisdiction over the State Consolidated Action under CAFA. Original jurisdiction in this Court exists under CAFA if: (1) the litigation is a "class action" as defined by CAFA; (2) "the matter in controversy exceeds the sum or value of $5,000,000,"; (3) the amount in controversy for at least one plaintiff exceeds $75,000; (4) and "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2), (d)(11)(B)(i).

12.     CAFA defines a "mass action" as "any civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact, except that jurisdiction shall exist only over those plaintiffs whose claims in a mass action satisfy the jurisdictional amount requirements under subsection (a)." 28 U.S.C. § 1332(d)(11)(B)(i). A mass action is deemed a "class action" removable under CAFA if it otherwise meets the requirements under 28 U.S.C. § 1332(d)(2)–(10). 28 U.S.C. § 1332(d)(11)(A).

### A.     Minimal diversity.

13.     Plaintiffs are residents of, and domiciled in, the Parish of Jefferson in the State of Louisiana. *See, e.g.*, Appx. B, *Fleming* Petition at 2-3. At least one defendant, Waste Connections US, Inc. is a Delaware corporation with its principal place of business in The Woodlands, Texas. *See* Appx. B, *Fleming* Petition at 3.[2] Thus, at least one plaintiff is diverse from at least one defendant in accord with 28 U.S.C. § 1332(d)(2).

---

[2] Although Plaintiff correctly identifies Waste Connections US, Inc. as a foreign corporation, Plaintiff mistakenly claims that Waste Connections US, Inc. is authorized to do business in Louisiana.

**B.      More than 100 Plaintiffs.**

14.      The State Consolidated Action results in a significantly more complex matter than any of the single actions, in which the claims of all of the more than 125 Plaintiffs are proposed to be tried jointly. *See* La. C.C.P. art. 1561 (calling for "consolidation of the actions for trial.").

15.      The more than 125 Plaintiffs also allege common questions of law or fact because they assert identical factual allegations with respect to Defendants' purported failure to design, operate and maintain the Landfill, and the odors emanating from the Landfill. They all assert identical causes of action, and all seek damages from the same set of Defendants.

16.      Accordingly, the State Consolidated Action meets the definition for a "mass action" under CAFA. *See* 28 U.S.C. § 1332(d)(11)(B)(i).

**C.      Amount in controversy.**

17.      CAFA imposes two amount-in-controversy requirements, and the State Consolidated Action meets both.  Original jurisdiction under CAFA exists where "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs" (the "aggregate amount in controversy").   28 U.S.C. § 1332(d)(2).   In its notice of removal, Defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014); *see also Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015) ("[a] removing defendant can meet its burden of demonstrating the amount in controversy by showing that the amount is 'facially apparent' from the plaintiffs' pleadings alone … the court [may] make common-sense inferences about the amount put at stake by the injuries the plaintiffs claim").

18.      In addition, CAFA only provides the court with jurisdiction over those plaintiffs who satisfy the jurisdictional amount requirement under subsection (a) for diversity jurisdiction,

requiring the matter in controversy to exceed $75,000, exclusive of interest and costs (the "individual amount in controversy"). 28 U.S.C. § 1332(d)(11)(B)(i); *Robertson v. Chevron USA, Inc.*, No. CV 15-874, 2016 WL 3667153, at *2 (E.D. La. July 11, 2016) (Morgan, J.).

19.     The State Consolidated Action Plaintiffs seek various damages against Defendants in connection with the purported emission of odors from the Landfill, including loss of use and enjoyment of their homes, diminution in property value, physical and mental injury—such as difficulties breathing, coughing, nausea, burning eyes, ears, noses and throats—lost wages, anxiety and emotional distress, and property damage. *See, e.g.,* Appx. B, *Fleming* Petition at § XXVI – XXXIII. Certain Plaintiffs are also seeking additional damages for the cost of alternative housing, medical testing, and medical monitoring. *See, e.g.*, Appx. B, *Fleming* Petition at 13-14.

20.     Comparable judgments and settlement awards in recent nuisance cases premised on noxious odors demonstrate that the aggregate amount and the award per plaintiff in such cases have the potential to be significant.  *See, e.g., McKiver v. Murphy Brown, LLC* No. 7:14-CV-00180-BR (E.D.N.C. Aug. 31, 2018) (ten plaintiffs in odor nuisance case against hog farm each received $325,000 award); *Jacobs v. Murphy-Brown LLC.,* No. 7:14-CV-237-BR, 2018 WL 4186009 (E.D.N.C. Aug. 3, 2018) (six plaintiffs in odor nuisance case against hog farm each awarded between $3.5 million and $5 million in compensatory damages, in addition to punitive damages three times the actual damages); *Babb v. Lee Cnty. Landfill SC*, No. 3:10-cv-01724, 2012 WL 1227612 (D.S.C. March 30, 2012) (six plaintiffs in landfill odor nuisance case each received actual damage awards ranging from $77,500 to $100,000 and an additional $300,000 in punitive damages).

21.     The aggregate amount in controversy has been met because of the large number of Plaintiffs, and the broad and numerous categories of damages sought. In seven consolidated cases previously removed to the Eastern District of Louisiana under the caption *Addison v. Louisiana Reg'l Landfill Co*., No. 19-11133, which are substantively identical to the State Consolidated Action, the same counsel for Plaintiffs represented to the court that each of the 630 individual plaintiffs in the *Addison* cases seek damages exceeding \$75,000.[3]   Applying the \$75,000 per plaintiff damages to the 125 plaintiffs in the State Consolidated Action—who assert the same claims as the plaintiffs in the consolidated *Addison*  cases—yields nearly \$10 million in alleged damages, far greater than CAFA's aggregate jurisdictional threshold. *See also Robertson v. Chevron USA, Inc.*, No. 15-cv-874, 2016 WL 3667153, at *4 (E.D. La. July 11, 2016) (holding 157 plaintiffs' claims for damage to health and property from exposure to contamination from oil field pipe more likely than not exceed jurisdictional threshold); *DeHart v. BP Am., Inc.*, No. 09-CV-0626, 2010 WL 231744, at *1 (W.D. La. Jan. 14, 2010) (holding claims of 118 persons for physical, mental and emotional injuries associated with airborne radiation exposure met amount-in-controversy requirement).

22.     For these reasons, the \$5,000,000 jurisdictional amount in controversy requirement is satisfied.  28 U.S.C. § 1332(d).

23.     In addition, at least one of the Plaintiffs' claims exceeds \$75,000.00. *Robertson v. Chevron USA, Inc.*, 2016 WL 3667153, at *7 (holding defendant must only show one plaintiff's amount in controversy satisfies jurisdictional amount to meet the individual amount-in-controversy requirement).

---

[3] Affidavit of S. Eliza James (Sept. 6, 2019), *Addison v. Louisiana Reg'l Landfill Co*., No. 19-11133 (E.D. La. 2019), ECF No. 63-1.

24.     In *Fleming*, *Gambino*, and *Rantz*, Plaintiffs are seeking to recover for physical and bodily harm. *See*, *e.g.*, Appx. B., *Fleming* Petition at § LI.a. In combination with claims for the cost of alternative housing and diminution in property value, at least one of the Plaintiffs' claims is likely to exceed the jurisdictional amount. Counsel for the Consolidated State Actions have previously represented to the court that the substantively identical claims of the individual plaintiffs in the consolidated *Addison* actions exceed $75,000 per plaintiff.[4]   Moreover, as outlined above, individual awards in recent nuisance odor cases have exceeded $75,000 per plaintiff.

**D.     Venue**

25.     The removal of this action to this Court is proper under 28 U.S.C. § 1441(a) because the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, where this action was originally filed, is within the federal judicial district for the Eastern District of Louisiana.

26.     Defendant respectfully requests that this Court assume jurisdiction over this matter and issue such orders and processes as may be necessary to bring before it all the parties necessary for the trial thereof.

27.     Defendant will file a true and correct copy of this Notice of Removal with the Clerk of the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana. Defendant has also served Plaintiffs' counsel with a copy of this Notice of Removal.

---

[4] S. Eliza James Affidavit, *supra* note 3.

**WHEREFORE**, The Waste Connections Defendants hereby remove the State Consolidated Actions, from the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, Division J, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

Dated: December 11, 2019

Respectfully submitted,

BRADLEY MURCHISON KELLY & SHEA LLC

By:     /s/ David R. Taggart
        David R. Taggart
        Louisiana Bar Roll No. 12626

401 Edwards Street, Suite 1000
Shreveport, Louisiana 71101
Telephone: (318) 227-1131
Facsimile: (318) 227-1141

Michael C. Mims
Louisiana Bar Roll No. 33991
1100 Poydras St., Suite 2700
New Orleans, Louisiana 70163
Telephone: (504) 596-6300
Fax: (504) 596-6301

BEVERIDGE & DIAMOND, P.C.

James B. Slaughter (*pro hac vice* to be submitted)
1350 I Street, N.W., Suite 700
Washington, DC 20005
(202) 789-6000

Megan R. Brillault (*pro hac vice* to be submitted)
Michael G. Murphy (*pro hac vice* to be submitted)
John H. Paul (*pro hac vice* to be submitted)
477 Madison Avenue, 15th Floor
New York, NY 10022
(212) 702-5400

Counsel for Waste Connections Defendants

## CERTIFICATE OF SERVICE

I hereby certify that I have, on this 11th day of December, 2019, served a copy of the foregoing pleading upon all counsel of record by electronic mail.

/s/ David R. Taggart
OF COUNSEL
